Ruffin, C. J.
 

 A title at law cannot be set up for the afterborn child, under the Act of
 
 1808,
 
 in favor of children born after the making of their parent’s will. For, if the child took by the will, it was provided for by the father, and the case would not be within the Act; and, if the child did not take under the devise, but the mother and her brothers and sisters took the wrhole property, then the proceedings were not had, which the Act prescribes for vesting the seizin in the child.
 

 Upon the construction of the will, it is contended for the defendant, either that the testator’s widow took the fee, or that it was limited over in remainder, upon the death or marriage of the wife, to her brothers and sisters, except Mrs. McPherson. That depends upon the operation of the words, “ my wife’s heirs by consanguinity.” We do not think they gave the inheritance to the wife. It is plain, from the testator’s giving every thing he had to his wife and her blood, that he did not intend his estate to go to his own family, as such. Then, as he gives the property over, upon the marriage of his wife.
 
 *377
 
 as well as upon her death, to her heirs by consanguinity, there would seem to be a pretty strong inference, that the testator did not mean those persons to take, in the quality of his wife’s heirs, that is, by succession after his death ; because then upon the marriage of the wife, the whole property would go to the testator’s own heirs and next of kin, for the interval between the wife’s marriage and death. Perhaps that of itself would not be sufficient to prevent the application of the rule, in
 
 Shelly’s case
 
 to this devise. But when to those considerations is added this other, that the testator expressly excepts from the wife’s heirs, to whom the limitation is made, a certain sister of the wife, one cannot be mistaken in saying, that the words wore not used as words of limitation of an estate to the wife, but as words of purchase, denoting who weré to take in remainder after the wife. For by the exception it is manifest, that the sister was understood by the testator to be within the general terms of description and that she might take,but for the exception. If she did take, it would be as one of the wife’s heirs, and others in equal degree must.in like manner,come in under the same words. But by excluding that sister, and leaving the others in equal degree to take, the testator shews that he did not mean them to take as heirs, by descent fi’om his wife, since the course of descent cannot thus be altered, by admitting some, and excluding other heirs. The wife’s estate therefore was only that expressly limited to her during life or widowhood, and the heirs took by purchase in remainder.
 

 Then, the question is, who did take as purchasers under those words ? There are no other persons, who can set up a claim, but the after-born child, and the other brothers and sister of the wife, besides Mrs. McPherson. Here it may be remarked, that the construction must be upon the will itself and cannot be controlled by parol proof, of an intention as to the particular persons to take under the devise ; for in effect that would be to make the will by
 
 *378
 
 parol. The question is not the abstract one, what the testator intended, but what was his meaning by the words used by him. The evidence as to the intention was therefore properly excluded. On the other hand, it has been decided, that the construction may be aided by evidence of the state of the family.
 
 Gibbons
 
 v.
 
 Dunn,
 
 1 Dev. & Bat. 446. lienee it was competent to prove, that the wife was only pregnant at the making of the will, and, perhaps, that the testator did not know of it. But we do not look into the latter point, because, for the reasons that will presently appear, in our opinion, his ignorance of the fact could not affect the devise; and therefore the exclusion oí that evidence was of no consequence.
 

 Between the two sets of claimants, the wife’s after-born child, and her brothers and sisters, the opinion of the Court is for the former. The testator uses words, “my wife’s heirs by consanguinity,” which embrace the child, as well, in case it was out of the way, as they do the brothers and sisters. The child being in
 
 ventre malris
 
 was
 
 in rerum natura
 
 capable of taking by descent, and also by purchase under the description of “ child” or “ heii’” of another.
 
 Doe
 
 v.
 
 Clark, 2
 
 H. Bl. 399.
 
 Wallis
 
 v.
 
 Hodgson, 2
 
 Atk. 117.
 
 Thelluson
 
 v.
 
 Woodford,
 
 4 Ves. 227. Then, what is to exclude the child It is to be remembered, that whoever takes, does so as purchaser; and that, as by the marriage of the wife the remainder would fall into possession during her life, the person, who takes, does not take as being the heir absolutely of the wife, but only as her heir apparent or presumptive. The brothers and sisters claim as filling the latter character, while the child was undoubtedly heir apparent. It is asked again, what is to exclude it
 
 1
 
 If the testator knew that it was in
 
 ventre matris,
 
 the defendant gives up the argument. But it is insisted that he did not know it; and the presumption is very cogent on the face of the will, that he did not, and it is thence inferred, that the testator could not mean the child to take,
 
 *379
 
 and that he did mean the brothers and sisters to do so, as heirs presumptive. There can be but little doubt, we think, that the testator expected the brothers and sisters
 
 to
 
 take, as he then naturally looked upon them as the wife’s nearest relations, and the exclusion of one of them shows that they were in his view. But that is not the whole enquiry. We are to consider, not only whether he intended those persons might or should take, but whether they, and no one else, should. How can those broad words, “ my wife’s heirs” be narrowed down to three or four particular persons, though those persons may have been in the testator’s contemplation ? The argument for the defendant is founded on the state of the testator’s knowledge at the time he used this language ; and thence is deduced his expectaion, and, thence, again, his intention, on this subject. The position is, that he meant the brothers and sister's, because he knew them. It would follow that he could only mean those brothers and sisters, whom he did know. But suppose the words had been “ my wife’s brothers and sisters,” and there had been one
 
 oí
 
 whom the testator had no knowledge, it would be impossible to exclude one that came so expressly within the description. Again, as these brothers and sisters say, that they take under the description of the “ wife’s heirs,” for the same reason another brother or sister, though unknown to the testator, must also take under the same description, Suppose further, that after the making of the will all the brothers and sisters had died in the lifetime of the testator, leaving children. The devise would certainly not fail, but those children would come in, as answering the description, when the will took effect and vested the estate. The gift is not to particular persons, as the sole objects of the testator’s bounty, but to a class of persons; and whoever came within it -when the will took effect, and the estate vested, take under it, and none others. So, the child of the wife took under this descrip»
 
 *380
 
 tion ; because though unknown to the testator, it alone answered the description: for it was in being when the the will was made, and when the testator died and the wife married,, and was heir apparent; and thereby the brothers and sisters ceased to be heirs presumptive. The exclusion of one of the sisters, though sufficient to show that, if the brothers and other sisters took at all, they were to take as- purchasers, does not prove that they were to take at all events, to the exclusion of all others. Whenever they should take, as being the heirs presumptive of the wife, Mrs. McPherson, though in equal degree, should not take. But it would still be a question between those brothers and
 
 sisters,
 
 and a child of the wife, then in
 
 ventre matris,
 
 which most nearly answered the description of
 
 “
 
 heir of the wife,” and certainly, the
 
 latter
 
 did, as being her heir apparent.
 

 The lessors of the plaintiff are therefore entitled to the premises as heirs of the afterborn child, who took the fee. The defendant's possession was without color of title, and therefore is not a bap to the right of entry. He took a deed from only one of his vendors, and that, only two years before the suit. If, indeed, they had color of title, then the defendant’s possession under them would have been sufficient. But, as was intimated in
 
 Montgomery
 
 v.
 
 Wynns,
 
 4 Dev. & Bat. 527, we think the will cannot be color of title to the brothers and sisters, however doubtful the construction ; for it is impossible that a devise to one person, can be color of title to another, claiming adversely to the devise.
 

 Pbb Cuexam. Judgment affirmed.